CLERK'S OFFICE
U.S. DISTRICT COURT
AT ROANOKE, VA
FILED
November 18, 2024
LAURA A. AUSTIN, CLERK
BY: s/ S. Neily, Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | Criminal Action No. 7:18cr49 |
| v. | ) | |
| | ) | |
| DIAMOND TOPAZ BROWN, | ) | By: Michael F. Urbanski |
| | ) | Senior United States District Judge |
| Defendant | ) | |

## MEMORANDUM OPINION

Pending before the court are defendant Diamond Topaz Brown's motions for a sentence reduction filed pursuant to 18 U.S.C. § 3582(c)(1)(A). ECF Nos. 104, 114. The Federal Public Defender was given an opportunity to file a supplemental motion on Brown's behalf but declined to do so. ECF Nos. 115, 116. On October 9, 2024, the government filed a response in opposition to Brown's motion. ECF No. 117. For the reasons set forth below, the court will **DENY** Brown's motions.

### I. Background

On October 18, 2018, Brown was charged via indictment with one count of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924. Indictment, ECF No. 4. On May 1, 2019, Brown pled guilty without a plea agreement. Guilty Plea, ECF No. 68. On August 11, 2020, the court sentenced Brown, who was classified as an armed career criminal pursuant to 18 U.S.C. § 924(e), to a term of 120 months, to be followed by a

3-year term of supervised release. J., ECF No. 96. Brown currently is housed at Federal Correctional Institution (FCI) Tallahassee and has a projected release date of May 28, 2027.[1]

Brown seeks a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A), arguing that the following conditions present extraordinary and compelling reasons for compassionate release: (1) she has a particularized susceptibility to COVID-19; and (2) the evidence was insufficient to convict her of being a felon in possession of a firearm because the government failed to prove that she knowingly violated the statute.

## II. Compassionate Release

The compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018, authorizes courts to modify terms of imprisonment as follows:

> The court may not modify a term of imprisonment once it has been imposed except that—in any case—the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

---

[1] https://www.bop.gov/mobile/find_inmate/byname.jsp#inmate_results (search "Diamond Topaz Brown") (last viewed November 6, 2024).

2

Accordingly, Brown's requested relief requires the court to consider (1) if she exhausted her administrative remedies; (2) if so, whether there are extraordinary and compelling reasons that warrant a reduction in her sentence; and (3) if so, what, if any, sentence reduction is appropriate after considering the applicable 18 U.S.C. § 3553(a) factors.

The court begins by considering the threshold requirement for obtaining relief under § 3582(c)(1)(A). United States v. Muhammad, 16 F. 4th 126, 129–30 (4th Cir. 2021). This requirement, which is non-jurisdictional, is "satisfied if a defendant requests the Bureau of Prisons to bring a motion [for compassionate release] on their behalf and either fully exhausts all administrative rights to appeal the Bureau's decision or waits 30 days from the date of their initial request to file a motion in the district court." Id. at 131. Brown submitted her request for compassionate release to the warden of her facility on October 14, 2022, ECF No. 114 at 5, and filed her motion for a sentence reduction more than 30 days later. The government does not contest that Brown has exhausted her administrative remedies as required under 18 U.S.C. § 3582(c)(1)(A). Accordingly, the court finds that Brown has satisfied the statute's exhaustion requirement.

The court next must consider whether it should reduce the term of imprisonment. Effective November 1, 2023, the United States Sentencing Commission amended the policy statement that addresses motions for sentence reduction under 18 U.S.C. § 3582(c)(1)(A) when a defendant alleges that extraordinary and compelling reasons warrant a reduction. See U.S. SENT'G COMM'N, GUIDELINES MANUAL § 1B1.13 (Nov. 2023) (USSG or guidelines). The revised policy statement will be applied to Brown's motion.

## A. COVID-19

Under the revised policy statement, to demonstrate an extraordinary and compelling reason for a sentence reduction based on an outbreak of an infectious disease a defendant must show the following:

> (i) the defendant is housed at a correctional facility affected or at imminent risk of being affected by (I) an ongoing outbreak of infectious disease, or (II) an ongoing public health emergency declared by the appropriate federal, state, or local authority;
>
> (ii) due to personal health risk factors and custodial status, the defendant is at increased risk of suffering severe medical complications or death as a result of exposure to the ongoing outbreak of infectious disease or the ongoing public health emergency described in clause (i);
>
> and (iii) such risk cannot be adequately mitigated in a timely manner.

USSG § 1B1.13(b)(1)(D).

Brown cannot make this showing because she cannot show either that FCI Tallahassee is affected by an outbreak of an infectious disease, or that an ongoing public health emergency is currently in effect as declared by a federal, state, or local authority. At this time, FCI Tallahassee has zero open cases of COVID-19 out of 900 inmates.[2] In addition, on May 11, 2023, the United States Department of Health and Human Services announced the end of the public health emergency caused by the COVID-19 pandemic.[3]

In addition, even if Brown could show the existence of the first two conditions, she cannot show that she is at increased risk of suffering severe medical complications or death

---

[2] https://www.bop.gov/about/statistics/statistics_inmate_covid19.jsp (last viewed November 6, 2024).
[3] https://www.hhs.gov/about/news/2023/05/11/hhs-secretary-xavier-becerra-statement-on-end-of-the-covid-19-public-health-emergency.html

4

that cannot be adequately mitigated in a timely manner. Brown suffers from several chronic conditions, including obesity, pre-diabetes, and lupus, and had a kidney removed when she was a young child. Med. Rs., ECF No. 117-2 at 1, 69, 88. According to the Centers for Disease Control (CDC) diabetes, obesity, and chronic kidney disease put a person at greater risk for severe complications from COVID-19.[4] However, Brown has refused the COVID-19 vaccine, Med. Rs., ECF No. 117-4 at 2, despite the fact that people who are up to date with COVID-19 vaccines "have a lower risk of severe illness, hospitalization, and death from COVID-19 than people who are not up to date."[5] Her refusal to be vaccinated undermines her argument that COVID-19 presents a grave danger to her because she has a particularized susceptibility to the disease.

To be sure, a court cannot rely exclusively on vaccination status to determine that the defendant has failed to demonstrate an extraordinary and compelling reason for a sentence reduction. United States v. Fox, No. 22-6781, 2024 WL 1736708 (4th Cir. 2024) (per curiam). But Brown's decision to forego vaccination against COVID-19, along with the fact that there are no active COVID-19 cases at her facility and that no ongoing public health emergency has been declared by any governmental authority, leads the court to conclude that Brown has not shown an extraordinary and compelling reason for a sentence reduction. Accordingly, her motion for a sentence reduction based on the COVID-19 pandemic is **DENIED**.

---

[4] https://www.cdc.gov/covid/hcp/clinical-care/underlying-conditions.html (updated June 24, 2024) (last viewed Nov. 6, 2024).
[5] https://www.cdc.gov/vaccines/hcp/vis/vis-statements/covid-19.html (updated Oct. 17, 2024) (last viewed Nov. 6, 2024).

### B. Underlying Conviction

Brown also asserts that she should not have been convicted of being a felon in possession of a firearm because she was unaware that there was a firearm in the rental vehicle where the firearm was found. However, a defendant cannot challenge the validity of her conviction or sentence through a compassionate release motion. United States v. Ferguson, 55 F.4th 262, 270 (4th Cir. 2022). Rather, "28 U.S.C. § 2255 is '[t]he exclusive remedy' for challenging a federal conviction or sentence after the conclusion of the period for direct appeal, 'unless [§ 2255] is inadequate or ineffective,' in which case the defendant may file a 28 U.S.C. § 2241 petition for habeas corpus pursuant to the savings clause at § 2255(e).'" Id. Accordingly, any challenge Brown seeks to make to her underlying conviction via this motion for a § 3582 sentence reduction is **DENIED**.

### C. 18 U.S.C. § 3553(a) Factors

Even if Brown were able to show an extraordinary and compelling reason for a sentence reduction, the § 3553(a) factors preclude relief. The factors include:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed—

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

6

(4) the kinds of sentence and the sentencing range established for—

(A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines—

(i) issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, subject to any amendments made to such guidelines by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and

(ii) that, except as provided in section 3742(g), are in effect on the date the defendant is sentenced; . . . .

(5) any pertinent policy statement –

(A) issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28, United States Code, subject to any amendments made to such policy statement by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and

(B) that, except as provided in § 3742(g), is in effect on the date the defendant is sentenced[;]

(6) the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

Looking first at the nature and circumstances of the offense, law enforcement officers were observing Brown prior to attempting to arrest her on three felony extortion warrants for threats made against several members of the community. PSR, ECF No. 75 ¶ 4. Brown was seen opening the door of a vehicle and taking an item from the vehicle and putting it under her shirt. She then went to a second vehicle and appeared to place the item under the driver's side seat and went inside a building where officers arrested her. Id. ¶ 5. Law enforcement officers looked into the window of the second vehicle and saw a black pistol sticking out from

under the driver's seat. Security camera footage showed Brown entering the first vehicle, retrieving a black handgun, and placing it under her shirt. Id. ¶ 6. A search of the second vehicle found a 9mm semi-automatic pistol with an extended magazine under the driver's seat. The firearm was loaded with 29 9 mm cartridges. Id. Brown's possession of the loaded semi-automatic firearm after making threats against members of the community weighs heavily against a sentence reduction.

Turning to the history and characteristics of the defendant, Brown was 28 years old at the time of her arrest and had 23 criminal history points, increased by 2 points because she was under a criminal justice sentence for misdemeanor assault and battery. While 12 of her criminal history points were for misdemeanor driving on a suspended or revoked license and misdemeanor possession of marijuana, others were for felony possession of cocaine, felony distribution of cocaine, and felony eluding police. Id. ¶¶ 35–61.

Brown reported a difficult and traumatic childhood, including witnessing the murder of her aunt by stabbing when she was nine or ten years old. Id. ¶ 81. Brown has been treated for anxiety, depression, and post-traumatic stress disorder. She started abusing heroin in 2016 and was using daily at the time of her arrest. Id. ¶¶ 89–91.

Brown's institutional record is notable for four sanctioned disciplinary incidents in 2023. She was disciplined for being in an unauthorized area, refusing to obey an order, possessing drugs or alcohol, and for possessing an unauthorized item. Inmate Disciplinary Data, ECF No. 117-5. While none of the incidents were violent, having four of them in one year indicates a lack of respect for the rules of the institution. As of November 13, 2022,

Brown was considered at high risk of recidivism. Individualized Needs Plan, ECF No. 114-1 at 7. On a more positive note, Brown has taken several classes while incarcerated. Id. at 6.

The court is mindful that severe trauma like Brown experienced can affect a person's behavior long after the incidents have occurred and may provide important context when considering a defendant's criminal history. Nevertheless, Brown's extensive criminal history cannot be ignored, and her institutional history raises additional concerns, especially when considered along with the assessment that she is at high risk of recidivism. The court concludes that overall, Brown's history and characteristics weigh against a sentence reduction.

Looking next at the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, and protect the public from further crimes of the defendant, the court finds that these factors weigh against a sentence reduction. Brown's criminal history and her institutional record show that she struggles to follow the laws of the Commonwealth and the United States as well as the rules set by the facility. The court finds that her 120-month sentence continues to be adequate, but not greater than necessary, to address the concerns expressed above, especially the need to promote respect for the law and the need to protect the public. None of the remaining factors weigh in favor or against a sentence reduction.

In sum, even if the court found were to find that Brown identified an extraordinary and compelling reason for a sentence reduction, it would not grant relief based on the § 3553(a) factors. See United States v. High, 997 F.3d 181, 186 (4th Cir. 2021) (quoting 18 U.S.C. § 3582(c)(1)(A)) (having found that an extraordinary and compelling reason exists for a sentence reduction, the court "must 'consider[]' the § 3553(a) sentencing factors 'to the extent that they

9

are applicable' in deciding whether to exercise its discretion to reduce the defendant's term of imprisonment.") Accordingly, Brown's motion for a sentence reduction under § 3582(c)(1)(A) is **DENIED**.

### III. Conclusion

For the reasons stated herein, the court **DENIES** Brown's motions for compassionate release, ECF Nos. 104, 114.

An appropriate order will be issued.

It is so **ORDERED**.

Entered: November 18, 2024

*/s/ Michael F. Urbanski/*

Michael F. Urbanski
Senior United States District Judge